THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL VAN ROOYEN, ) | |
| ) | |
| *Plaintiff*, ) | |
| v. ) | No. 25 C 5854 |
| ) | |
| CIRCLE K, MUHAMMAD RASHID LATIF, ) | Chief Judge Virginia M. Kendall |
| AZHAR KAHAN, and MARY ANN PITTS, ) | |
| ) | |
| *Defendants*. ) | |

**OPINION AND ORDER**

Plaintiff Daniel VanRooyen filed this employment discrimination case against his former employer, Circle K, and three individual Defendants on May 27, 2025. (Dkt. 1). On June 19, 2025, Circle K, Muhammad Rashid Latif, and Azhar Kahan moved to dismiss VanRooyen's Complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (Dkt. 8). In its November 19, 2025, Order, the Court found that VanRooyen failed to properly serve the Defendants. (Dkt. 21). The Court granted VanRooyen a permissive 45-day extension to comply with Federal Rule of Civil Procedure 4. (*Id.*) It has been over eight months, and VanRooyen has not cured the deficiencies. (Dkts. 24-26, 33). Defendants moved to dismiss again. (Dkt. 29). The Court grants Defendants motion to dismiss without prejudice.

**BACKGROUND**

The following allegations are from VanRooyen's complaint and filings. VanRooyen is a *pro se* Plaintiff who sued Defendants alleging age discrimination under the Age Discrimination Employment Act and race discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. (Dkt. 1 at 6-7). VanRooyen alleges he was discriminated against based on two

1

situations. (*Id.* at 2). First, on May 10, 2025, while working at Circle K, a fire started outside of the store while VanRooyen was "taking out" old newspapers. (*Id.*) VanRooyen did not call the fire department; instead, he tried to put the fire out. (*Id.*) A worker from a nearby Jewel called the police about the fire, reporting that VanRooyen started the fire. (*Id.*) The police investigated but there has been no follow-up as to fault or cause. (*Id.*) The second situation occurred while VanRooyen "applied for three interviews" to become a store manager based on his education and experience. (*Id.*) VanRooyen does not allege what occurred after this. (*Id.*) Presumably he did not get the promotion. (*Id.*) In addition, VanRooyen states he was required to use "uber/Lyft for work purposes within an hour works notice to jump locations" and there were issues verifying passwords, usernames, and accounting for inventory. (*Id.* at 3).

VanRooyen does not identify his age or race in his complaint nor does he provide any allegations about his age or race. (*Id.* at 2-3).[1] He alleged that Defendants fired him but provided no facts concerning the firing. (*Id.* at 7). He alleged that Defendants failed to promote him but provided no facts concerning the failure to promote. (*Id.*) VanRooyen's complaint has no factual allegations identifying any conduct Circle K, Latif, Kahan, or Pitts specifically committed. It is unclear which allegations correspond to which Defendant (or whether all allegations pertain to all Defendants). VanRooyen confirmed in his complaint that he "has not filed a charge" with "the United States Equal Employment Opportunity Commission." (*Id.* at 4). There is no information or allegations in the record showing that VanRooyen filed an EEOC charge for either age or race discrimination or received a Notice of Right to Sue from the EEOC. (*See id.*).

The Court found VanRooyen's service improper for several reasons in its November 19, 2025, Order. First, VanRooyen violated Federal Rule of Civil Procedure 4(c)(2) because he, as a

---

[1] Plaintiff later confirmed in court during a status hearing that he was alleging race discrimination because he is white. (*See* Dkt. 32).

2

party, attempted service. (Dkt. 21 at 2). Second, he violated Rule 4(h) by serving an unknown individual with an unknown item by mail for corporate Defendant Circle K. (*Id.*) Third, he violated Rule 4(e) because he never personally served Defendants Latif or Kahan with the summons (nor did he deliver it to their homes); instead, he sent the summons to Circle K's training center. (*Id.* at 1-3).[2]

A little less than two weeks after the Court's November 19, 2025, Order, VanRooyen filed a "Proof of Service" stating that "proof of service was mailed through U.S.P.S. with tracking information to follow. Exh[i]bit has been submitted in conjunction with the Committee of the Judicial House of Representatives." (Dkt. 25 at 1).[3] In this Proof of Service, VanRooyen named a new Defendant "Alimentation Couche-Tard" in the case caption. (*Id.*) Exhibit A states in full: "Exhibit A. Proof of mailing court papers through United States Post Office." (Dkt. 24 at 1). The second and third pages of Exhibit A are two pages from the cover of the Federal Rules of Civil Procedure, including the list of the Committee on the Judiciary with Jesus G. "Chuy" Garcia highlighted yellow. (*Id.* at 2-3). The fourth page is VanRooyen's appearance form. (*Id.* at 4).

About a week later, Defendants moved to dismiss for a second time. (Dkt. 29). Defendants maintain that VanRooyen's service remains deficient because he continues "to rely on the same improper mailing methods that this Court previously rejected as improper." (*Id.* at 1-2). For "corporate Defendant Circle K," Defendants contend that VanRooyen's "current Proof of Service does not identify any new facts that would bring attempted service within those limited Illinois exceptions or otherwise cure the deficiencies previously identified by this Court." (*Id.* at 3). For "individual Defendants Muhammad Rashid Latif and Azhar Kahan," Defendants state that "this

---

[2] The Court also notes that VanRooyen never attempted to serve Defendant Pitts and so he violated Rule 4(m). (*See* Dkt. 4); (*see also* Dkts. 24-26, 33).
[3] No tracking information has been provided to the Court.

3

Court previously . . . found it undisputed that these Defendants were not personally served." (*Id.* at 4) (citing Dkt. 21). Defendants attached an exhibit to their motion: a November 27, 2025, email from VanRooyen regarding this lawsuit where he states that the "court papers that were served was the correct way given papers were sent to the training center." (Dkt. 29-1 at 1). Thus, Defendants contend that dismissal is proper because VanRooyen's "recent filings provide no basis for this Court to reach a different conclusion" than it did in its November 19, 2025, Order. (Dkt. 29 at 4).

VanRooyen filed his response five days late. (Dkt. 33). He states that Defendants' exhibit to their motion to dismiss (the email from VanRooyen) shows "that a business can not [sic] be sent by registered United States Postal Service a government agency." (*Id.* at 1). VanRooyen notes that he asked the U.S. Marshalls "if the agency is still proof of service by registered/signature mail." (*Id.*) He argues that he did not have Defendants' "personal address" so he "sent the Court Documents to the . . . training center, located in Lisle, Illinois and to the business." (*Id.*)

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotes omitted). "This means that the complaint must offer factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Farhan v. 2715 NMA LLC*, 161 F.4th 475, 482 (7th Cir. 2025) (cleaned up). The Court will accept "well-pleaded facts in the complaint as true and draw reasonable inferences in plaintiffs' favor—but [will] not presume the truth of legal conclusions and conclusory allegations." *Cielak v. Nicolet Union High Sch. Dist.*, 112 F.4th 472, 475 (7th Cir. 2024). For these reasons, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." *Orr v. Shicker*, 147 F.4th 734, 741 (7th Cir. 2025) (quoting *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 751 (7th Cir. 2021)).

## DISCUSSION

There is no doubt that VanRooyen's service remains deficient for all the reasons the Court previously found in its November 19, 2025, Order. (Dkt. 21 at 1-3). First, VanRooyen cannot serve the Defendants himself as he is the Plaintiff. Fed. R. Civ. P. (4)(c)(2); *Washington v. Barnes*, 2024 WL 4416769, at *5 (N.D. Ill. Oct. 5, 2024). Second, "by serving Defendants through certified mail" VanRooyen again violated Rule 4(h)(1)(B) and Rule 4(e). *Washington*, 2024 WL 4416769, at *5. Once again, Illinois state law does not permit "service by mail on corporations or individuals." *Id.*; Fed. R. Civ. P. 4(e)(1); 735 ILCS 5/2-203, 204; *Khan v. Presence St. Mary & St. Elizabeth Hosps.*, 2020 WL 6750535, at *4 (N.D. Ill. Nov. 17, 2020), *aff'd sub nom. Khan v. Presence Chicago Hosps. Network*, 2022 WL 42731 (7th Cir. Jan. 5, 2022) ("In Illinois, service on individual defendants through the United States Postal Service by certified mail is not permitted under the statute."). Third, VanRooyen has not shown good cause for failing to correct service despite the Court granting him additional time. In fact, VanRooyen appears to have made little effort to correct his mistakes. He relies on the same methods and positions the Court rejected in its November 19, 2025, Order. VanRooyen concedes that he again mailed documents via USPS to Circle K's "training center" and he again attempts to rely on an apparent discussion with the U.S. Marshals to confirm that the USPS is "still proof of service by registered/signature mail." (Dkts. 29-1, 33); (*compare* Dkts. 29-1, 33 *with* Dkts. 12, 16). Nor has VanRooyen shown that the few exceptions against mailing service apply. (Dkt. 21 at 2). None do. (*Id.*) In fact, VanRooyen has not even shown the Court that he has mailed anything to Defendants because, although he stated that "tracking information [is] to follow," he has provided nothing to the Court. (Dkt. 25).

5

In response to Defendants' motion to dismiss, VanRooyen repeats the same rejected argument that he did not know Defendants' "personal address." (Dkt. 33); (*compare with* Dkt. 16 at 2, Dkt. 21 at 3). This argument continues to fail. Even with additional time VanRooyen has taken no steps to ascertain Defendants' addresses. VanRooyen was communicating with Defendants' counsel. He could have asked for the addresses or whether they would waive service. (Dkt. 29-1). He did not. Instead, he repeated the same rejected position. (Dkt. 33). None of this relates to Circle K, and VanRooyen never states he did not know Circle K's address. Indeed, "he easily could have ascertained its registered agent's address from the Illinois Secretary of State's website." *Tidwell v. Exxon Mobil Corp.*, 2022 WL 345082, at *3 (N.D. Ill. Feb. 4, 2022). VanRooyen also submitted the cover page of the Federal Rules of Civil Procedure in his Proof of Service Exhibit A because he claims that Washington D.C. and the Federal Rules of Civil Procedure are stopping service. (*See* Dkt. 32) (VanRooyen's statements during status hearing). To the extent the Court understands his position, the Court rejects it. The Federal Rules are mandatory. All federal litigants must follow them. To be sure, VanRooyen is correct that the federal rules are stopping this case from proceeding—but that is because he is not complying with them.[4]

It has now been over eight months, and VanRooyen has not properly served any of the Defendants. The Court has given VanRooyen ample time to cure the deficiencies. He has failed to do so. He failed to show good cause—and instead repeated the same rejected arguments. Even if VanRooyen came close to compliance, VanRooyen's complaint lacks basic allegations to state a claim for age or race discrimination—like, for example, his age or race. *Supra* at 1-2. VanRooyen identified the Defendants only in the case caption but failed to allege any specific conduct—or

---

[4] In VanRooyen's statement concerning his proof of service, he also added a new party named "Alimentation Couche-Tard." (Dkt. 25). This is not a proper way to seek leave to amend a complaint to add new parties. *See* Fed. R. Civ. P. 15(a).

even mention their names—within the body of the pleading. *Id.* The scenarios VanRooyen alleged (e.g., the newspaper fire, applying for a manager position, and taking Ubers) are cursory. *Id.* They give the Court no room to find that VanRooyen, a non-contract at-will employee, plausibly alleged that he was discharged *because of* his age or *because* he is white—much less by which of the four Defendants. *Id.* On top of this, VanRooyen failed to exhaust his administrative remedies as he expressly stated that he did not file an EEOC charge and so he could not have ever received a right-to-sue letter. *Id.*; *Anderson v. United Airlines, Inc.*, 140 F.4th 385, 390 (7th Cir.), *cert. denied*, 146 S. Ct. 370 (2025) ("Before bringing a Title VII claim, a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter. . . . A complaint may be deficient and subject to dismissal if the plaintiff lacks a right-to-sue letter.") (quotes omitted); *Conner v. Illinois Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005) ("There are several prerequisites for bringing a Title VII claim. A plaintiff must file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must issue a right-to-sue letter."); 29 U.S.C.A. § 626(d)(1) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed" with the EEOC); 42 U.S.C. § 2000e-5(e)(1).

## **CONCLUSION**

Defendants' Motion to Dismiss is granted without prejudice. (Dkt. 29).

_____
Virginia M. Kendall
United States District Judge

Date: March 4, 2026